## Justin B. Nicholson v. Eliza B. Nicholson, et al.

(Decided February 23, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Wills—Partnership Real Estate Held to Pass Under Clause Devising all Lands to Widow Rather than Subsequent Clause Giving Interest in Partnership to Son.—Testator's interest in partnership real estate held to pass to widow under clause giving her all real estate not theretofore devised, and especially referring to fact that partners had certain interests in certain pieces of property rather than to son under subsequent clause of will giving interest in partnership to him.

T. M. GALPHIN, JR., for appellant.

WILLIAM M. DUFFY and H. M. PECKINPAUGH for appellees.

Opinion of the Court by Judge Clay—Affirming.

J. M. Nicholson died testate a resident of Louisville. He was survived by his widow, Eliza B. Nicholson, and one son, Justin B. Nicholson, an infant 17 years of age. His will is as follows:

"I, J. M. Nicholson, being of sound mind and disposing memory, do hereby make my last will and testament.

"1.    That all my just debts and expenses shall be paid either out of my life insurance policy or whatever cash I should have on hand at the time of my death.

"2.    I do will and bequeath to my beloved son, Justin B. Nicholson, my insurance policy that is in the Junior Order U. A. M. amounting to $500.00, also all my personal effects and my three cottages in Dupuy alley, known as No. 1236, No. 1238 and No. 1240.

"3.    I do will and bequeath to my beloved wife, Eliza Nicholson, all the balance of my property, both real and personal at the time of my death, giving her absolute fee-simple title to all the real estate and also power to release any and all notes that should be in my name at the time of my death; it being understood that L. L. Colvin and J. P. Will have certain interests in certain pieces of the property that will show up on the books at our office at the time of my death. These amounts to be collected by the office of Colvin & Nicholson and turned over to her according to the different contracts that have been made.    It is also understood that certain pieces of property that I am interested in that are in the name of J. P. Will, Liberty Realty Company, A. C. Bell, N. E. Tinsley, L. P. Blackburn, Orma L. Rucker and Belle Bennett shall be divided according to the records at our office as my interest appears at the time of my death.

"4. · My interest in the business of Colvin & Nicholson of which I am an equal partner with L. L. Colvin, shall go my son Justin, and if he should not want to keep it, I direct that he shall first give L. L. Colvin or his son Owen Colvin first chance to buy it and if my executrix hereinafter named and them can not agree on a price, it shall be agreed upon by three disinterested parties or be sold at auction.

"5.  I do appoint my beloved wife Eliza Nicholson sole executrix without bond, having absolute confidence in her judgement."

At the time of his death the partnership of Colvin & Nicholson owned real estate of the value of about $45,000.00, the title to which was either in their individual or joint names, or in the names of others interested with them in the purchases.

Shortly after the testator's death, his widow, Eliza B. Nicholson, qualified as executrix and brought this suit in her own right, and as executrix against her son, Justin B. Nicholson, and L. L. Colvin, the testator's partner, for a construction of the will.  The particular question submitted to the court was whether the partnership real estate passed to the testator's widow under clause 3 of the will, or to his son under clause 4.  Judgment was rendered in favor of the widow, and the son has appealed.

It will be observed that the testator first bequeathed and devised to his son an insurance policy and three pieces of real estate.  He then gave to his widow all the balance of his property, both real and personal.  He then gave to his son his interest in the partnership business of Colvin & Nicholson.  In other words, he devised all of his real estate, with the exception of the three cottages devised to his son, to his widow unless the bequest of his interest in the partnership business had the effect of withdrawing the partnership real estate from the operation of clause 3.  In view of the language of clause 3, we are constrained to the view that no such effect can be given to clause 4.  In the first place the testator wills to his widow all the balance of his property, both real and personal, and adds, "giving her absolute fee simple title to *all the real estate.*"  Not only so, but he goes on and refers to the fact that L. L. Colvin and J. P. Will had certain interests in certain pieces of property, and that he wanted these amounts to be collected by the office of Colvin & Nicholson and turned over to his widow according to the different contracts.  He follows this up with a statement that certain pieces of property that he was interested in were in the names of J. P. Will and others, and that he wanted these divided according to the records in the office as his interest might appear at the time of his death.  These provisions make it clear that the testator intended that his widow should have not only all of the real estate except the three cottages, but all proceeds therefrom, and this without regard to whether the title

was held by him individually or by the firm or by others for his benefit. That being true, the testator's interest in the partnership business bequeathed by clause 4 to his son, must be held to be his interest after giving effect to clause 3, and not to include the partnership real estate.

Judgment affirmed.